UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LATONYA DENISE KEMP                    CIVIL ACTION NO. 17-cv-0703

VERSUS                                 JUDGE FOOTE

SHREVEPORT POLICE DEPT., ET AL         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Latonya Denise Kemp ("Plaintiff"), who is self-represented, brought this civil rights action against approximately 20 Shreveport police officers and asked that each be ordered to pay her $100,000, for a total of $2,000,000 in damages. Her complaint alleges a number of wrongs including wrongful arrest, failure to protect from an eviction, and not properly investigating crimes and a traffic accident.[1] For the reasons that follow, it is recommended that several of the claims presented in Plaintiff's complaint be dismissed as untimely or for failure to state a claim on which relief may be granted.

---

[1]This is not Plaintiff's first appearance in this court. She was previously a defendant in <u>United States v. Latonya Kemp</u>, 10 CR 0202, in which she pleaded guilty to mailing threatening communications and was sentenced to one year in prison. The judgment recommended that the BOP evaluate Plaintiff's psychiatric condition and formulate a mental health treatment program. Plaintiff was eventually placed on supervised release, but it was revoked after Plaintiff was arrested for using stolen checks to buy groceries, and Plaintiff served another four months.

**Review Standard**

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. In pauper cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

**Timeliness**

Plaintiff's complaint asserts claims under 42 U.S.C. § 1983. A claim brought under that statute in Louisiana must be filed within one year of the accrual of the claim. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). The claim accrues when the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The plaintiff need not realize that a legal cause of action exists; she need only know the facts that would support a claim. Id.

A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(I). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). District courts may raise the time bar sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present her

position. Day v. McDonough, 126 S.Ct. 1675 (2006). This Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of her untimely claims. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in report and recommendation satisfied due process).

Plaintiff signed and filed her complaint with this court on May 30, 2017, so any claims that accrued before May 30, 2016 are not timely. Plaintiff alleges in her complaint that in "April of 2016" Shreveport police (1) failed to protect her when she was unlawfully evicted from an apartment based on a false statement made by a relative, (2) interfered in her life and her legal obligation to carry out duties related to a power of attorney, and (3) failed to "serve her" when she sought special services in connection with her grandfather's funeral. Plaintiff alleges with respect to the funeral that she asked for police presence at a scheduled time, but the officers were one hour late. Any claims based on these allegations accrued more than one year before this complaint was filed, so they should be dismissed as untimely.

**Dissatisfaction With Investigations**

Much of Plaintiff's complaint addresses her dissatisfaction with the investigations conducted by Shreveport Police officers of various complaints lodged by Plaintiff. For example, Plaintiff alleges that police "failed to serve and protect me" after she was involved in a hit and run accident. She alleges that police failed to properly investigate or contact her "for helpful information that could have help (sic) make an arrest." Plaintiff expresses

unhappiness that police dispatched only one unit to the accident, and no arrests have been made in the case.

Plaintiff makes a similar charge that police failed to serve and protect her when she made a report in October 2016 that she was being harassed by telephone communications and bullying. Plaintiff alleges that an officer told her that he was not going to take her report, and he merely suggested that she delete the messages and calls. Plaintiff also complains that police officials failed to act appropriately when she made a criminal report against her former boyfriend for assault and battery after he put her out of a moving car, did not investigate a theft report she made in February 2017, and refused to issue an arrest warrant after Plaintiff made a complaint of rape on April 26, 2017.

Plaintiff's several complaints about the alleged inadequacy of police investigation of her various complaints fails to state a claim on which relief may be granted. The due process clause of the Fourteenth Amendment affords protection against government officials depriving a person of her life, liberty, or property. But it generally does not guarantee that the government will protect citizens from each other. Whitley v. Hanna, 726 F.3d 631, 651 (5th Cir. 2013), citing Town of Castle Rock v. Gonzales, 125 S.Ct. 2796 (2005), and DeShaney v. Winnebago County Department of Social Services, 109 S.Ct. 998 (1989). Accordingly, courts have recognized that the "victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator." Payne v. Jefferson Parish Sheriff's Department, 2014 WL 1154482, *2 (E.D. La. 2014).

The Supreme Court has also recognized that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 93 S.Ct. 1146, 1149 (1973). Accordingly, a prisoner who complained that a sheriff did not file criminal charges against guards who beat him failed to state an actionable claim. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). See also Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

Plaintiff also complains that police have refused to review evidence of her innocence of various charges and have refused to accept her documentation that would clear her of criminal charges. Her complaint mentions charges of criminal trespass, failure to appear, simple battery, driving without insurance, and identity theft. Plaintiff alleges that most of those charges were eventually dismissed. She states that she pleaded guilty to the simple battery, and the identity theft charge will be dismissed upon completion of paying restitution. It is not clear at which charge(s) Plaintiff aims her claim that police refused to review evidence of her innocence.

There is no allegation that Plaintiff was jailed pending trial on any of the charges, but even when that is the case the Constitution does not guarantee an error-free investigation or mandate that police investigate independently every claim of innocence. Baker v. McCollan, 99 S.Ct. 2689 (1979); Soto v. Ortiz, 526 Fed. Appx. 370, 374-75 (5th Cir. 2013). Plaintiff

was merely charged with crimes, and "[t]he Constitution does not guarantee that only the guilty will be arrested." Baker, 99 S.Ct. at 2695. The ultimate determination of claims of innocence is in the hands of the judge and the jury. Id. To the extent Plaintiff has asserted timely claims of false arrest related to any of these charges, those claims will be resolved on future proceedings. But any claim that police did not properly investigate Plaintiff's claims of innocence after she was arrested fail to state a claim on which relief may be granted.

**Conclusion**

The claims outlined above should be dismissed as untimely or for failure to state a claim. Other potential claims in the complaint may not be resolved on initial review. Those include an allegation of false arrest for trespassing on May 30, 2016, wrongful arrest on a bench warrant on July 26, 2016, false arrest for identity theft, and failure of officers to intervene and stop such alleged violations. Those allegations will be the subject of further proceedings. The current recommendation is only with respect to the plainly untimely or meritless claims.

Accordingly,

**IT IS RECOMMENDED** that all of Plaintiff's claims that accrued prior to May 30, 2016 be dismissed as untimely and that all of her claims that police officers inadequately investigated her complaints be dismissed for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2017.

Mark L. Hornsby
U.S. Magistrate Judge