UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LATONYA DENISE KEMP           CIVIL ACTION NO. 17-cv-0703

VERSUS           JUDGE FOOTE

SHREVEPORT POLICE DEPT., ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Latonya Denise Kemp ("Plaintiff"), who is self-represented, brought this civil rights action against approximately 20 Shreveport police officers and asked that each be ordered to pay her $100,000, for a total of $2,000,000 in damages. Her complaint alleges a number of wrongs including wrongful arrest, failure to protect from an eviction, and not properly investigating crimes and a traffic accident.[1] The undersigned recommended in a prior Report and Recommendation (Doc. 6) that several of Plaintiff's potential claims be dismissed as untimely and that her claims that police officers inadequately investigated her complaints be dismissed for failure to state a claim on which relief may be granted.

---

[1] This is not Plaintiff's first appearance in this court. She was previously a defendant in United States v. Latonya Kemp, 10 CR 0202, in which she pleaded guilty to mailing threatening communications and was sentenced to one year in prison. The judgment recommended that the BOP evaluate Plaintiff's psychiatric condition and formulate a mental health treatment program. Plaintiff was eventually placed on supervised release, but it was revoked after Plaintiff was arrested for using stolen checks to buy groceries, and Plaintiff served another four months.

The undersigned issued a Memorandum Order (Doc. 7) that addressed the potential claims that were not recommended for dismissal. The order summarized the claims as: (1) false arrest for trespassing on May 30, 2016, (2) wrongful arrest on a bench warrant on July 26, 2016, (3) false arrest for identity theft, and (4) failure of officers to intervene and stop those alleged violations. The court noted that Plaintiff's original complaint did not specify which officer or officers were personally involved in those particular arrests, and the law does not impose liability absent personal involvement of a defendant.

Plaintiff was directed to file an Amended Complaint solely with respect to the claims outlined above and allege specific facts that present her best case with respect to those claims. The order directed that Plaintiff's allegations be precise with respect to the date of each challenged arrest, the crime(s) charged, the disposition of the charge(s) (dismissed, conviction, or other), and include the names of any officer or officers who are alleged to be responsible for each particular arrest. The order warned: "Failure to comply with this order will result in a recommendation that the remaining claims be dismissed for failure to prosecute."

**Plaintiff's Filings**

Plaintiff has filed several documents since the court issued its order. One filing is an untitled document (Doc. 13) that the Clerk of Court generously docketed as an Amended Complaint. The document contains several pages of handwritten, barely understandable complaints about the Shreveport Department of Water and Sewage, certain city administrators, "Supervisor Flo," and others. The document does not specifically address

the claims discussed in the court's Memorandum Order. Rather, it rambles about poor customer service training in the city utilities department, conspiracy, corruption, extortion, and other alleged wrongdoings in connection with Plaintiff's water service and a dispute over her water bill. Plaintiff demands several million dollars in compensation from each of several defendants, none of whom appear to have any connection to the arrests at issue.

Plaintiff has also filed other documents that demand the court order the Shreveport Housing Authority stop attempting to collect rent from her or evict her for non-payment. She has also filed multiple other documents, some quite lengthy (Doc. 23 is 127 pages), but none of those documents have done what the court ordered, which is to allege specific facts with respect to particular claims, identify the date of the challenged arrests, the crimes charged, the disposition of the charges, and the names of any officers who are alleged to have been responsible.

**Dismissal is Appropriate**

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962). Dismissal for failure to comply with a court order may also be warranted. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff has submitted multiple filings that are many pages long, but she has not complied with the court's order. That order requested only basic information about her

claims such as the date of any challenged arrest, the crime charged, the disposition of the charge, and the names of any officers who are alleged to have been responsible. Plaintiff has not provided any of that information in an amended complaint or other understandable submission. It appears that Plaintiff suffers from a mental illness. That and her history of incomprehensible filings strongly suggest that Plaintiff will never be able to plead a non-frivolous complaint that complies with the court's simple order. There is no use in proceeding further with a case that will simply consume more paper and more hours of attention by the court, with virtually no hope that an actionable claim could be presented. Plaintiff has had more than a reasonable opportunity to comply with the order, and she was given clear and simple instructions. She failed to provide any of the requested information, and she cannot blame a lawyer or anyone else for her lack of compliance. Dismissal without prejudice is appropriate under these circumstances.

**Sanctions Warning**

Plaintiff has abused the privilege that the court has afforded her of filing a civil action without payment of a filing fee. The judges and staff of the court and Clerk of Court have spent several hours processing and resolving Plaintiff's multiple, meritless motions and other filings. Plaintiff will not be allowed to continue to waste the resources of the court and the community. She is warned that if she files another meritless or frivolous case with this court she will likely be subjected to sanctions, which may include: (1) a requirement that she obtain pre-approval from a district judge for any future filings, (2) a prohibition against filing in forma pauperis without a certificate of good faith from the court, and (3) an order that she

pay monetary sanctions.

Accordingly,

**IT IS RECOMMENDED** that all remaining claims in Plaintiff's complaint be **dismissed without prejudice** for failure to comply with a court order.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of July, 2017.



Mark L. Hornsby
U.S. Magistrate Judge